OPINION
Appellants Barbara and Terry Schupbach appeal the December 30, 1999 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, which granted permanent custody of their children, Cody, Victoria, Chelsea, and Jessica Schupbach to appellee Tuscarawas County Department of Human Services (hereinafter "TCDHS").
STATEMENT OF THE CASE AND FACTS, Appellants are the natural parents of four children: Cody (born 6/3/92), Victoria (born 8/31/93), Chelsea (born 1/24/97) and Jessica (born 2/21/98). Cody has cerebral palsy and has been diagnosed with hyperactivity. Victoria has an IQ of 54. At the time of trial, she was functioning at a two-three year old level. Because of their disabilities, Cody and Victoria attend the Starlight School. Chelsea is developmentally on target and has good language skills. Jessica has also been diagnosed with developmental delays. In March of 1998, teachers at the Starlight School noticed Victoria and Cody had what appeared to be intentionally inflicted physical injuries. Victoria, exhibited signs of sexual abuse. Cody had bruising on his arms and legs. On May 20, 1998, TCDHS intervened and removed the children from appellants' home. This was not the first intervention with appellants' family. TCDHS had previously worked with the Schupbach family when concerns arose over appropriate medical care, housing and supervision, dating back to 1992. On May 20, 1998, TCDHS filed a complaint alleging each child was abused, neglected, and dependent. On June 11, 1998, the parents entered a plea of denial to the complaint. However, on July 10, 1998, appellants changed their plea of denial to an admission. Accordingly, the matter was set for dispositional hearing. In an August 18, 1998 Judgment Entry, in accordance with an agreement by the parties reached at the hearing, the trial court continued temporary custody with TCDHS, directing appellants to make every effort to live up to the terms and conditions of the case plan adopted by the court. In accordance with the case plan, appellants both submitted to psychological testing and endeavored to meet the other terms and conditions of the case plan designed to lead ultimately to reunification with appellants' children. On April 20, 1999, TCDHS moved for an extension of the temporary commitment of the children. Appellants had completed marital counseling and psychological testing, but still required counseling and educational instruction to improve parenting skills. At that time, supervised visitations with the children were poor. In a May 17, 1999 Judgment Entry, the trial court granted the motion and continued the temporary commitment of the children with TCDHS. On July 8, 1999, TCDHS filed its Motion for Permanent Custody. TCDHS noted little progress had been made on the case plan by appellants. Although parenting education had been completed, appellants appeared inconsistent and unable to apply parenting skills to weekly visits with their children. Each of the children continued to act out extensively during scheduled visitations, forcing TCDHS to cut visitation short for some of the children on several occasions. Further, there was a significant deterioration in the childrens' behavior immediately after these visitations. Accordingly, TCDHS moved for permanent custody of the four children. The matter proceeded to a hearing on December 10, 1999. On the same date, the guardian ad litem filed a detailed report setting forth the condition and status of each child. In its December 30, 1999 Judgment Entry, the trial court awarded permanent custody of each child to TCDHS. It is from this judgment entry appellants prosecute this appeal, assigning the following as error:
 I. A THOROUGH REVIEW OF THE RECORD IN THIS CASE REVEALS THE EVIDENCE DOES NOT JUSTIFY A GRANTING OF PERMANENT CUSTODY OF CODY, VICTORIA, CHELSEA, OR JESSICA SCHUPBACH TO THE DEPARTMENT OF HUMAN SERVICES, D.H.S.
 II. THE GUARDIAN AD LITEM FAILED TO MAKE AN INDEPENDENT INVESTIGATION OF HER REPORT THEREFORE WAS PREJUDICIAL TO APPELLANT.
 III. THE JUDGMENT OF THE TRIAL COURT IN GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 IV. THE TRIAL COURT ERRED BY CONCLUDING THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT IT WAS IN THE BEST INTEREST OF THE MINOR CHILD(REN) OF THE APPELLANT(S) TO BE PLACED IN THE CUSTODY OF THE TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES.
 V. THE TRIAL COURT COMMITTED PREJUDICIAL IN ITS DECISION GRANTING IN A PERMANENT CUSTODY MOTION WITHOUT CONSIDERING WISHES OF THE CHILDREN.
 VI. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR PERMANENT CUSTODY AND ABUSED ITS DISCRETION IN SUSTAINING THE MOTION FOR PERMANENT CUSTODY OF THE TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES IN THAT THE PROCEDURES OF OHIO REVISED CODE 2151.414 WERE NOT FOLLOWED.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I, III, IV
In appellants' first, third, and fourth assignments of error, appellant maintains the trial court's decision to grant permanent custody to TCDHS was against the manifest weight of the evidence and/or was not in the best interest of the children. Specifically, appellants' first and third assignment of error argue the grant of permanent custody was against the manifest weight of the evidence. Appellants' fourth assignment of error maintains the trial court's conclusion was unsupported by clear and convincing evidence. For the reasons set forth below, we disagree with each of appellants' assertions. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. The relevant statute is R.C. 2151.414. That statute provides, in pertinent part: (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
(1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
* * *
In determining the best interest of a child, R.C. 2151.414(D) states:
 (D). . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
We find the trial court's finding it was in Cody's, Victoria's, Chelsea's, and Jessica's best interests to grant TCDHS motion for permanent custody was not against the manifest weight of the evidence. Our review of the record indicates sufficient evidence to support the trial court's decision. The trial court specifically found each of the children, except Chelsea, suffered from severe, long standing emotional, physical, and intellectual limitations. These disabilities required extensive care. Further, Mr. Schupbach had a long and progressive history of aggressive behavior directed toward his wife and the children. The supervised visits between appellants and their children were chaotic, and deteriorated over time. In fact, the foster care providers noticed an increase in negative behavior of the children with increased lengths of visitation and a stabilization of the negative behavior when visitation was terminated. Additionally, both Mr. and Mrs. Schupbach suffer from many cognitive limitations. The trial court found appellants attempted to meet the obligations of their case plan and made significant strides. Unfortunately, the problems which caused the children to be neglected, abused, or dependent were never corrected. This evidence was supported by the recommendation of the guardian ad litem, and the testimony of Toni Anderson, the case manager for TCDHS. Accordingly, we find the trial court's determination it was in the childrens' best interest to grant permanent custody to TCDHS is not against the manifest weight of the evidence. However, a best interest determination is not sufficient standing alone to grant permanent custody of a child to an agency and divest parents of their parental rights. (E) In determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents, the court shall consider all relevant evidence. If the court determines * * *that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:
 (1) Following the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly for a period of six months or more to substantially remedy the conditions causing the child to be placed outside his home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * * *
In the instant case, the trial court further found, pursuant to R.C. 2151.414(B)(1), the children could not or should not be placed with either parent within a reasonable time. In reaching this determination, the trial court relied on R.C. 2151.414(E)(1), even though the statutory section was not explicitly stated in the entry. We find the decision of the trial court to grant permanent custody to TCDHS was not against the manifest weight of the evidence. Appellants' first, third, and fourth assignments of error are overruled.
 II
In his second assignment of error, appellants maintain the trial court erred in accepting a report from a guardian ad litem where the guardian failed to make an independent investigation of the facts and circumstances of the case. Specifically, appellants contend the guardian ad litem had contact with the children on only one occasion and such minimal contact, even in combination with reading TCDHS' case file, was insufficient. It is worth noting that a number of courts have determined when parents cannot establish any prejudice arising from the action or non-action of a guardian ad litem, it is harmless error. See, In the matter of Malone (May 11, 1994), Scioto App. No. 93CA2165, unreported; In re: Doe (Sept. 17, 1993), Lucas App. No. L-92-296, unreported. We have reviewed the report of the guardian ad litem. We note it was timely filed and completely consistent with all other testimony offered at trial. The report explained the reason for the removal of the children, and the situation of each child after placement with foster parents. It is clear from the report the guardian spoke and/or observed the children with their parents during supervised visitations, and interviewed the parents. Although it is not plainly stated, it appears the guardian also spoke with the foster parents for the children. Because appellants cannot produce evidence of prejudice from any alleged error, this assignment is overruled. See, In the Matter of Breslav (April 13, 2000), Cuyahoga App. No. 75468, unreported. Appellants' second assignment of error is overruled.
 V, VI
In their sixth assignment of error, appellants maintain the trial court erred and abused its discretion in failing to follow the procedures set forth in R.C. 2151.414. Appellants' fifth assignment of error attacks a specific portion of that statute, R.C. 2151.414(D)(2). Accordingly, we treat these assignments together. R.C. 2151.414(D) provides, in pertinent part: (D). . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
In its December 30, 1999 Judgment Entry, the trial court states:
 * * * These parents have demonstrated a lack of commitment toward their children and have failed to provide an adequate home for the children at this time or within a year of this litigation.
Considering all the factors listed in O.R.C. 2151.414, the trial court finds that it is in the best interest of Cody, Victoria, Chelsea, and Jessica Schupbach to be placed in the permanent custody of the Department of Human Services.
Judgment Entry at 2-3. (Emphasis added).
We find appellants' assertion the trial court failed to consider the factors set forth in the statute to be without merit. Our review of the record indicates evidence was taken as to each and every factor. Further, and perhaps most important, the trial court specifically stated it considered all relevant factors as stated in R.C. 2151.414. We also find appellants' assertion the trial court failed to consider the wishes of the children to be without merit. The guardian ad litem specifically stated Cody's desire to remain with his parents. Further, the guardian, the TCDHS case manager, and the TCDHS social service worker reported and/or testified with regard to the behavior of the children during and after supervised visitations. We note at the time of trial, Victoria, although six years old, was functioning only at the level of a two to three year old. Chelsea was two years, eleven months and Jessica was only twenty-two months old. Accordingly, the fact the guardian's report contained only a clear recitation of Cody's desires to stay with his parents was appropriate pursuant to R.C. 2151.414(D). The fact the trial court did not specifically mention each of the factors listed in R.C.2151.414(D) does not mean the trial court did not consider such factors. In the absence of demonstrable evidence to the contrary, and given the presumption of regularity, we find the trial court did consider each of the relevant statutory factors. This position is bolstered by the trial court's specific recitation the statutory factors were considered. We find the trial court did not abuse its discretion in finding an award of permanent custody to TCDHS was in the best interests of the four children. Appellants' fifth and sixth assignments of error are overruled.
The December 30, 1999 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division is affirmed.
 _____________________ Hoffman, J.
Gwin, P.J. and Edwards, J. concurs